UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

In the Matter of the Search of:

18-047-01

CASE NUMBER: 1:18-mj-07

**AFFIDAVIT IN SUPPORT OF
SEARCH AND SEIZURE WARRANT
"REDACTED"**

STATE OF SOUTH DAKOTA)
                                            :SS
COUNTY OF BROWN       )

I, Daniel Orr, being duly sworn on oath, depose and say:

## INTRODUCTION

1.     I am a Special Agent with the Federal Bureau of Investigation (FBI) working in Aberdeen, South Dakota and have been duly employed in this position since April 26, 1998.  I have received specialized training pertaining to conducting criminal investigations, investigative techniques, searching databases, conducting interviews, executing search warrants, and making arrests with respect to criminal violations of United States Code.

2.     As a Special Agent, my current responsibility is to investigate all federal violations in the Northern Division of the District of South Dakota.  The majority of my cases are crimes committed in Indian Country.

## PURPOSE OF AFFIDAVIT

3.     I make this affidavit in support of an application for a search warrant for records associated to an electronic mail (e-mail) account utilized by Danny WHITE, identified as ███@venturecomm.net (SUBJECT ACCOUNT), that are stored at premises owned, maintained, controlled, or operated by Venture Communications and Golden West Technologies. The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant to require Venture Communications and Golden West Technologies to disclose to the government copies of records and other information in its possession (including the content of communications) described in Section II of Attachment B.  Upon receipt of the information described in Section II of Attachment B, law enforcement agents and/or individuals assisting law enforcement and acting at their direction will

review that information to locate the items described in Section II of Attachment B. Attachments A and B are incorporated herein by reference.

4.    As described more fully below, I respectfully submit there is probable cause to believe that the information associated with the SUBJECT ACCOUNT constitutes evidence or instrumentalities of criminal violations of 18 U.S.C. §§ 201 (Bribery), 1163 (Theft from an Indian Tribal Organization), 1341 (Mail Fraud),1343 (Wire Fraud) and 1344 (Bank Fraud).

## SUMMARY OF INVESTIGATION

5.    Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of United States Code are located within the SUBJECT ACCOUNT.

6.    I have received information from other law enforcement officers and sources of information by either verbal or written report. The officers and sources providing information may have received the information by way of personal knowledge or from another source.

7.    Dakota Nations Development Corporation (DNDC) is a non-profit corporation established by the Sisseton Wahpeton Oyate (SWO) Sioux Tribe to oversee the for profit entities of the SWO. DNDC also administers the SWO tax credit housing projects. DNDC has its own Board of Directors but is funded through an annual appropriation from the SWO.

8.    As early as August of 2015, the SWO Tribal Council was making plans to use tax credits to help fund the construction of an elderly village on the SWO reservation. This elderly village was going to be made up of around 30 individual units.

9.    On August 31, 2015, a Certificate of Limited Partnership was filed with the South Dakota Secretary of State establishing the SWO Elderly Village Limited Partnership. The General Partner of the Limited Partnership was identified as DNDC.

10.    On November 16, 2015, Danny WHITE was hired as the Executive Director of DNDC.

11.    On December 15, 2016, Articles of Organization were filed with the South Dakota Secretary of State establishing Tatanka Contracting, LLC (Tatanka). This filing shows the address of Tatanka as 524 Main Street South in Peever, South Dakota. The Vice President and Organizer of Tatanka was

reported as Kevin M. Trio.  Trio's address is shown as 5303 Creekview Green, Maple Plain, Minnesota.

12.   On or around May 9, 2017, DNDC and their consultant, Travois Design & Construction Services (Travois), published a Request for Proposals to hire a Construction Manager At-Risk for the construction of the elderly village. This Request for Proposals directs questions and responses to the Request for Proposals be directed to Travois or the SWO Elderly Village Limited Partnership. Danny WHITE was identified as the Executive Director of the SWO Elderly Village Limited Partnership.   Danny WHITE's  contact  information  included  the SUBJECT ACCOUNT.

13.   On or about May 30, 2017, DNDC received proposals from two companies to be the Construction Manager at Risk for the construction of the elderly village.  One of the companies was Tatanka.  In the proposal, Tatanka Contracting was identified as a startup company.  The company backing up the proposal was CC Steel.  CC Steel was owned and operated by Tatanka principals Mike Cebulla and Kevin Trio.  The other principal of Tatanka was identified as John German, Jr.  German was identified as the President of Tatanka.  German is also a cousin of Danny WHITE.  German's address was shown as 524 Main Street South, Peever, South Dakota.

14.   On June 21, 2017, Travois sent an e-mail to Danny WHITE at the SUBJECT ACCOUNT.  In this e-mail, Travois requested some due diligence items be collected from Tatanka.  These items included the last three years of financial statements from Tatanka and CC, Steel along with the last three years of tax returns for Tatanka and CC Steel.

15.   Travois was concerned with the fact that Tatanka was a startup company.  Travois was also concerned with the unresponsiveness of Tatanka. Travois recommended to DNDC that DNDC not go with Tatanka but hire the second company to be the construction manager at risk for the elderly village project.

16.   Against the advice of Travois, DNDC accepted the proposal from Tatanka and Tatanka was hired as the construction manager at risk for the construction of the elderly village.

17.   Travois  started  working  with  Tatanka  on  the  design  and construction plans for the elderly village.   Travois' point of contact for construction related issues at Tatanka was Cebulla.  Travois's point of contact for administrative issues at Tatanka was Trio.  Travois had very little interaction with German.  Travois' point of contact at DNDC was Danny WHITE. Travois regularly used electronic mail to communicate with Danny WHITE.  This electronic mail was sent to the SUBJECT ACCOUNT.   Danny WHITE

communicated with Travois via text and electronic mail from the SUBJECT ACCOUNT.

18.    During the design phase of the elderly village, it was determined that some additional excavation work would need to be done at the site of the elderly village. The engineer who was hired suggested that the excavation work be done in the fall of 2017. This would allow approximately six months for the dirt to settle and vertical construction of the structure could begin in the spring or early summer of 2018. However, the work was delayed due to a conflict with the boundary lines of the property.

19.    On or around August 14, 2017, a Statement of Change of the Registered Agent for the SWO Elderly Village Limited Partnership was filed with the South Dakota Secretary of State. The registered agent for the SWO Elderly Village Limited Partnership was changed from Garryl Rousseau, the Vice Chairman of the Sisseton Wahpeton Oyate Sioux Tribe, to Danny WHITE.

20.    Danny WHITE felt that the boundary line conflict had been resolved to the point where excavation work could commence on the project. Tatanka proposed doing the excavation work for a not to exceed price of $1,070,740. This proposal was forwarded to Travois. Travois attempted to get more detail on the proposal. Tatanka would not provide Travois with the details of the proposal. Travois estimated that DNDC was paying Tatanka over $17 per yard for fill dirt. This amount was a little above the fair value.

21.    Despite the concerns and objection from Travois, on around October 27, 2017, DNDC hired Tatanka to complete the excavation work. The work was to be completed by November 30, 2017. The contract was signed on DNDC's behalf by Danny WHITE. WHITE's contact information disclosed in the agreement included the SUBJECT ACCOUNT.

22.    The excavation work was completed. Tatanka submitted periodic invoices to DNDC. DNDC paid the invoices (less retainage) from DNDC's Wells Fargo Bank checking account. The DNDC checks showed Tatanka's mailing address as 524 Main Street South, Peever, South Dakota.

23.    On November 20, 2017, Tatanka submitted a change order increasing the cost of the excavation work from $1,070,740 to $1,129,679.63.

24.    Travois later learned that the fill dirt that was used by Tatanka was actually taken from a different location on the SWO reservation and not purchased by Tatanka. This would mean that Tatanka just transported and packed the fill dirt. The fair market value of that service was around $6.00 per yard. DNDC paid Tatanka approximately three times the fair market value for the service provided.

25.    On December 12, 2017, Travois forwarded an e-mail to Danny WHITE at the SUBJECT ACCOUNT that Travois received from Raymond James (a private equity partner in the construction of the elderly village). In this e-mail, Raymond James advises that they will not be able to approve Tatanka as the general contractor for the construction of the elderly village.

26.    On April 5, 2018, I applied for and received a search warrant for Venture Communications. I have since learned that some of the email regarding the SUBJECT ACCOUNT is on the server at Golden West Technologies.

27.    Based on my training and experience, my knowledge of the investigation, and the information described above, I believe that the SUBJECT ACCOUNT is likely to contain information relating to violations of 18 U.S.C. §§ 201 (Bribery), 1163 (Theft from an Indian Tribal Organization), 1341 (Mail Fraud), 1343 (Wire Fraud) and 1344 (Bank Fraud).

28.    Based on my training and experience, my knowledge of the investigation, and the information described above, I believe the SUBJECT ACCOUNT is likely to contain information regarding WHITE's, and others yet unknown, motives and intentions.

29.    Based on my training and experience, I believe that the requested electronic mail records for the SUBJECT ACCOUNT are likely to contain information related to the identity of known and unknown co-conspirators and establish the type, duration and quantity of contacts between WHITE and known and unknown co-conspirators.

## CONCLUSION

Based on the foregoing, I request that the Court issue the requested search warrant.

_____
Special Agent Daniel Orr
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence on the ___1st___ day of April, 2018, at Aberdeen, South Dakota.

_____
William D. Gerdes
United States Magistrate Judge

## ATTACHMENT A "REDACTED"

## PROPERTY TO BE SEARCHED

This warrant applies to information associated with the electronic mail account identified as ███@venturecomm.net that are stored at premises owned, maintained, controlled, or operated by Golden West Technologies, 2727 North Plaza Drive, Rapid City, South Dakota 57702.

## ATTACHMENT B "REDACTED"

### Particular Things to be Seized

I. **Information to be disclosed by Golden West Technologies**

    A. Subscriber information, Account Notes, Secondary and associated e-mail accounts;

    B. The contents of all electronic mail sent or received by the SUBJECT ACCOUNT From December 15, 2016 to current;

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 201 (Bribery), 1163 (Theft from an Indian Tribal Organization), 1341 (Mail Fraud), 1343 (Wire Fraud) and 1344 (Bank Fraud) involving Danny WHITE, and others, including information pertaining to the following matters:

    (a)    Records relating to who created, used, or communicated with the electronic mail account, including records about their identities and whereabouts;

    (b)    Communications between WHITE and others identified and not yet identified related to the construction of the elderly village;

    (c)    Communications between WHITE and others not yet identified, regarding enticement, coercion, recruitment, or attempts to commit violations of 18 U.S.C. §§ 201 (Bribery), 1163 (Theft from an Indian Tribal Organization), 1341 (Mail Fraud), 1343 (Wire Fraud) and 1344 (Bank Fraud);

(d)     Information relating to the transfer of items or money;

(e)     Information related to bank account records, wire transfer records, bank statements and records, money drafts, letters of credit, and financial transfers;

(f)     Information relating to or reflecting WHITE's purpose or motive for providing money or other assistance to individuals;

(g)     Information relating to or reflecting WHITE's understanding or belief regarding the purpose or end use to which his assistance would be put;

(h)     Information relating to or reflecting WHITE's understanding or belief regarding the location of potential coconspirators and/or potential victims;